## D. N. WATSON v. THE STATE.

No. 2813. Decided January 27, 1904.

**Local Option—Sale on Prescription—Pharmacist.**

Where appellant was engaged in the business of selling whisky upon prescription of physicians in a local option town under a license taken out for that purpose, and sold one quart of whisky on a prescription regular on its face, there is no violation of the statute for unlawfully compounding prescriptions and retailing medicines without having qualified as a pharmacist.

Appeal from the County Court of Hunt. Tried below before Hon. F. M. Newton.

Appeal from a conviction of compounding and retailing medicines without being a qualified pharmacist; penalty, a fine of $50.

No statement is necessary.

No brief for appellant on file.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of compounding and retailing medicines, without then and there being a qualified pharmacist, and continuing that business without having been examined by a qualified board of pharmacists and obtaining a certificate, etc. The statute under which he was convicted · is article 466 Penal Code, which provides, "Any person not a qualified pharmacist, but who continues to compound prescriptions or retail medicines without complying with this law, shall, upon the first conviction, be sentenced to pay a fine of not less than fifty nor more than one hundred dollars," etc. Article 455, Penal Code, reads: "It shall be unlawful for any person, unless a qualified pharmacist within the meaning of this law, to open or conduct any pharmacy or store for compounding medicines, or for any one not a qualified pharmacist to prepare physicians' prescriptions or compound medicines, except under the direct supervision of a qualified pharmacist as hereinafter provided." The sale occurred in Greenville, which was a town of more than 1000 inhabitants; and local option was in force in the entire county of Hunt. The facts show that appellant was engaged in the business of selling whisky upon prescriptions of physicians in the town of Greenville, Hunt County, under a license taken out for that purpose; and that he sold on December 1, 1902, on a prescription, one quart of whisky. The prescription was regular on its face, etc. In addition to this he only sold patent medicine and pills. It is contended that the evidence does not show a violation of the statute. This contention is correct. The statute under which he was indicted has no application to this sort of case. In the sale of whisky upon prescription it is not necessary to compound any medicines or drugs, nor was this law ever intended to apply to such character of sales on prescription. The judgment is reversed and cause remanded.

*Reversed and remanded.*